UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

**Ralph Holder**

    **v.**                                          Case No. 06-cv-252-PB
                                                        Opinion No. 2006 DNH 123

**State of New Hampshire, et al.**


**MEMORANDUM AND ORDER**

Ralph Holder seeks money damages against the State of New Hampshire, Patricia Frim, Esq. ("Frim"), Harriet Fishman ("Fishman"), and Arthur Hilson ("Hilson"). Holder asserts numerous federal[1] and state law claims arising from actions allegedly taken by the individually named defendants in his divorce and custody proceedings, In the Matter of Maria Holder and Ralph Holder, 2002-M-0032, 2002-M-0372, 2002-M-0107.[2] Each of the defendants now moves to dismiss pursuant to Fed. R. Civ.

---

[1] Holder asserts federal claims pursuant to 42 U.S.C. §§ 1983 and 1985. He also claims that several of the defendants violated the Privacy Act of 1974. However, it is clear from the language of the statute that the Act only applies to federal agencies. See 5 U.S.C. § 551(1); 5 U.S.C. § 552(f). Thus, I dismiss Holder's "Privacy Act of 1974" claim.

[2] Specifically, Frim served as the guardian ad litem in the proceedings, Fishman served as the Marital Master, and Hilson was appointed by Frim as a co-parenting counselor in the wake of the divorce.

Pro. 12(b)(6). For the reasons set forth below, I grant their motions and dismiss Holder's federal claims. I also decline to exercise supplemental jurisdiction over his remaining state law claims.

## I. STANDARD OF REVIEW

In considering a motion to dismiss under Fed. R. Civ. Pro. 12(b)(6), I "accept as true the well-pleaded factual allegations of the complaint, draw all reasonable inferences therefrom in the plaintiff's favor and determine whether the complaint, so read, sets forth facts sufficient to justify recovery on any cognizable theory." Martin v. Applied Cellular Tech., 284 F.3d 1, 6 (1st Cir. 2002). An action should be dismissed "only if the plaintiff's factual averments hold out no hope of recovery on any theory adumbrated in its complaint." In re Colonial Mortgage Bankers Corp., 324 F.3d 12, 15 (1st Cir. 2003).

## II. DISCUSSION

Because Holder's claims are so facially deficient, a detailed recitation of the facts is unnecessary. For purposes of this discussion, it is sufficient simply to note that Holder's

-2-

claims arise from facts surrounding certain divorce and custodial proceedings to which Holder was a party.

First, with respect to Holder's § 1983 claim against the State of New Hampshire, I note that it is well-established that neither states nor state officials sued in their official capacities are amenable to suit for damages pursuant to § 1983. See Arizonans for Official English v. Arizona, 520 U.S. 43, 69 (1997). Accordingly, I dismiss Holder's § 1983 claim against the State of New Hampshire.

Second, Fishman functioned as an agent of the court and performed activities "integrally related to the judicial process" while acting as a Marital Master. Cok v. Cosentino, 876 F.2d 1, 3 (1st Cir. 1989) (citing Briscoe v. LaHue, 460 U.S. 325, 335 (1983). Thus, she is entitled to absolute immunity and I therefore dismiss Holder's § 1983 claim against her. See id.

Next, Holder's §§ 1983 and 1985 claims against Frim are barred by the doctrine of res judicata. See Torromeo v. Town of Fremont, N.H., 438 F.3d 113, 116 (1st Cir. 2006) ("[t]he doctrine [of res judicata] precludes litigation in a later case of matters actually litigated, and matters that could have been

litigated, in the earlier action"). Holder has already litigated claims arising from the same set of facts--his divorce and custody proceedings--against Frim in Judge DiClerico's court. Holder v. Frim, 2006 WL 2190723, at *3 (D.N.H., 2006). Accordingly, he is not free to pursue additional claims against Frim in this action.

In any event, as Judge DiClerico explained, Frim is entitled to absolute immunity when performing the functions of her office. See id.; see also Dornheim v. Sholes, 430 F.3d 919, 925 (4th Cir. 2005). Thus, even if Holder's claims were not barred by res judicata, Frim would be entitled to immunity from this suit. Accordingly, I dismiss Holder's §§ 1983 and 1985 claims against Frim.

Finally, with respect to Hilson, Holder asserts only one cause of action: a 42 U.S.C. § 1985(3) claim, alleging that Hilson engaged in a conspiracy to interfere with his constitutional rights. He has failed, however, to make out a prima facie case for this claim. To state a claim under 1985(3), a plaintiff must allege the existence of (1) a conspiracy, (2) a conspiratorial purpose to deprive a person or class or persons,

directly or indirectly, of the equal protection of the laws or of equal privileges and immunities under the laws, (3) an overt act in furtherance of the conspiracy, and (4) either (a) an injury to person or property, or (b) a deprivation of a constitutionally protected right or privilege." See Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996) (citing Griffin v. Breckenridge, 403 U.S. 88, 102 (1971).  In addition to these four elements, a plaintiff must also show that "the conspiratorial conduct of which he complains is propelled by 'some racial, or perhaps otherwise class-based, invidiously discriminatory animus.'" Id. (quoting Griffin, 403 U.S. at 102).

In his complaint, Holder simply alleges that he is "of the Roman Catholic religious denomination" and that Hilson is a pastor at a Baptist church.  Complaint ¶¶ 90, 91.  For obvious reasons, these allegations are not sufficient to support a claim that Hilson acted with "invidiously discriminatory animus" aimed at a class of Catholic Church members.  Thus, Holder has failed to satisfy an essential element of his § 1985(3) claim.

Holder's remaining claims arise under state law.  I decline to exercise supplemental jurisdiction over these claims as I have

dismissed all claims over which I have original jurisdiction. See 28 U.S.C. § 1367(c)(3); Perkins v. Londonderry Basketball Club, 196 F.3d 13, 23 (1st Cir. 1999).  Accordingly, I dismiss Holder's state law claims without prejudice.

### III.  CONCLUSION

For the foregoing reasons, I grant defendants' motions to dismiss Holder's federal claims (Doc. Nos. 6, 8, 9) and decline to exercise supplemental jurisdiction over his remaining state law claims.

SO ORDERED.

/s/Paul Barbadoro
Paul Barbadoro
United States District Judge

October 26, 2006

cc:   Ralph Holder, pro se
      Andrew Livernois, Esq.
      Christopher Hawkins, Esq.
      Paul Halsted Robinson, Esq.